**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

———————————————————————

| | | |
|---|---|---|
| NOKIA CORPORATION, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | C.A. No. 09-791 GMS |
| | ) | |
| APPLE INC., | ) | |
| | ) | |
| Defendants. | ) | |

———————————————————————

| | | |
|---|---|---|
| NOKIA CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. No. 09-1002 GMS |
| | ) | |
| APPLE INC., | ) | |
| | ) | |
| Defendants. | ) | |

———————————————————————

*Caption continued on next page*

**APPLE INC. AND NEXT SOFTWARE, INC.'S BRIEF IN SUPPORT OF THEIR**
**MOTION FOR CONSOLIDATION OF THE CAPTIONED CASES FOR**
**THE PURPOSE OF COORDINATING PRETRIAL PROCEEDINGS**

Richard K. Herrmann (No. 405)
Mary B. Matterer (I.D. #2696)
MORRIS JAMES, LLP
500 Delaware Ave., Suite 1500
Wilmington, DE 19801
(302) 888-6800
rherrmann@morrisjames.com

Attorneys for APPLE INC.,
and NEXT SOFTWARE, INC.

May 24, 2010

_____

| | |
|---|---|
| APPLE INC., and NeXT SOFTWARE, INC., | ) |
| f/k/a NeXT COMPUTER, INC., | ) |
| | ) |
| Plaintiffs, | ) |
| v. | ) C.A. No. 10-166-RK |
| | ) |
| HIGH TECH COMPUTER CORP., a/k/a | ) |
| HTC CORP., HTC (B.V.I.) CORP., HTC | ) |
| AMERICA, INC., and EXEDEA, INC., | ) |
| | ) |
| Defendants. | ) |

_____

| | |
|---|---|
| APPLE INC., | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) C.A. No. 10-167-RK |
| | ) |
| HIGH TECH COMPUTER CORP., a/k/a | ) |
| HTC CORP., HTC (B.V.I.) CORP., HTC | ) |
| AMERICA, INC., and EXEDEA, INC., | ) |
| | ) |
| Defendants. | ) |

_____

## TABLE OF CONTENTS

I.      THE NATURE AND STAGE OF PROCEEDINGS ..........................................................1

II.     SUMMARY OF ARGUMENT ........................................................................................2

III.    STATEMENT OF FACTS ...............................................................................................3

IV.     ARGUMENT ...................................................................................................................5

        A.      The Legal Standard for Consolidation .................................................................5

        B.      Nokia and HTC Successfully Moved to Consolidate the Parallel 704 and
                710 Investigations at the ITC. ............................................................................6

        C.      Consolidating the Four Pending Cases Will Conserve Resources, Promote
                Judicial Economy, and Protect Against the Possibility of Inconsistent
                Rulings. ...............................................................................................................7

        D.      Consolidation Will Not Prejudice Nokia or HTC. ..............................................9

V.      CONCLUSION ..............................................................................................................10

# TABLE OF AUTHORITIES

**Cases**

*Alexander v. Minner*,
  No. 07-041-JJF, 2009 WL 1176456 (D. Del. May 1, 2009) ...................................................... 5

*Ellerman Lines, Ltd. v. Atlantic & Gulf Stevedores, Inc.*,
  339 F.2d 673 (3d Cir. 1964) ....................................................................................................... 6

*Fields v. Provident Life & Acc. Ins. Co.*,
  No. CIV.A. 99-CV-4261, 2001 WL 818353 (E.D. Pa. Jul. 10, 2001) ..................................... 10

*Ford v. Christiana Care Health Systems*,
  Civil Action No. 06-301-MPT, 2008 WL 1985229 (D. Del. May 5, 2008) .............................. 8

*Kohus v. Toys "R" Us, Inc.*,
  Nos. C-1-05-517, C-1-05-671, 2006 WL 1476209 (S.D. Ohio May 25, 2006) ..................... 5, 6

*In re Lucent Techs. Inc. Securities Litig.*,
  221 F. Supp. 2d 472 (D.N.J. 2001) ........................................................................................... 5

*Magnavox Co. v. APF Electronics, Inc.*,
  496 F. Supp. 29 (N.D. Ill. 1980) ............................................................................................... 6

*Monzo v. American Airlines, Inc.*,
  94 F.R.D. 672 (D.C.N.Y. 1982) ............................................................................................... 10

*Rohm & Haas Co. v. Mobil Oil Corp.*,
  525 F. Supp. 1298 (D. Del. 1981) ............................................................................................. 6

*SmithKline Beecham Corp. v. Geneva Pharmaceuticals, Inc.*,
  No. 99-CV-2926, et al, 2001 WL 1249694 (E.D. Pa. Sept. 26, 2001) ....................................... 6

*Swindell-Dressler Corp. v. Dumbaule*,
  308 F.2d 267 (3d Cir. 1962) ...................................................................................................... 9

*In re TMI Litig.*,
  193 F.3d 613 (3d Cir. 1999) ....................................................................................................... 9

*Tracinda Corp. v. DaimlerChrysler AG*,
  No. CIV. A. 00-984-JJF, et al, 2001 WL 849736 (D. Del. July 26, 2001) ............................. 5-6

*In re Volkswagen of Am., Inc.*,
  566 F.3d 1349 (Fed. Cir. 2009) .............................................................................................. 9-10

**Rules**

Federal Rule of Civil Procedure 42(a) .................................................................................. 2, 6, 8, 9

## I.     THE NATURE AND STAGE OF PROCEEDINGS

There currently are four patent infringement actions pending in this District asserting that Nokia Corporation ("Nokia") and/or High Tech Computer Corp. and its subsidiaries (collectively, "HTC") infringe a number of Apple patents.[1]   The first two cases filed were assigned to Chief Judge Sleet.  The second two cases were assigned to Judge Robert Kelly, who is sitting in this District by designation.  Pursuant to Federal Rule of Civil Procedure 42(a), Apple requests that the Court consolidate the second set of cases—at least for purposes of coordinating pre-trial activities—with the first two that are pending before Chief Judge Sleet.

Consolidation is appropriate in this instance because the four cases involve numerous common issues of law and fact, including eleven patents that Apple has asserted against both Nokia and HTC.   Given the overlapping patents and technologies at issue in the cases, consolidation offers the benefit of conserving resources and promoting judicial economy by avoiding the need for duplicative discovery or any other redundant litigation activities, such as multiple *Markman* hearings concerning the same patents.  Importantly, consolidation before a single judge will also ensure that there are no inconsistent pretrial rulings—most notably inconsistent constructions of claim terms in the eleven overlapping patents.

There is no danger of prejudice to any of the parties in these cases as a result of consolidation.  All four litigations are still in the very early stages, with only one having reached discovery and two having been stayed pending the outcome of proceedings in the International Trade Commission.  HTC has not yet answered, and there is no schedule in place yet in the non-stayed HTC case.  Consolidating that case with the non-stayed Nokia case should present no

---

[1]        The four cases are *Nokia Corporation v. Apple Inc.*, C.A. No. 09-791 GMS (the "791 Case"), *Nokia Corporation v. Apple Inc.*, C.A. 09-1002 GMS (the "1002 Case"), *Apple Inc. et al. v. High Tech Computer Corp. et al.*, C.A. No. 10-166 RK (the "166 Case"), and *Apple Inc.  v. High Tech Computer Corp. et al.*, C.A. No. 10-167 RK (the "167 Case").

complications, and the new case would benefit from the fact that Chief Judge Sleet has already considered relevant procedural issues and recently set a schedule in the related Nokia action. Indeed, Nokia and HTC themselves recently argued the merits of consolidation with respect to a set of parallel proceedings at the ITC involving many of the same Apple patents.  Nokia and HTC successfully argued that two investigations regarding their infringement of five overlapping patents should be consolidated into a single investigation, contending that consolidation was necessary to "eliminate the waste of the parties' and [the tribunal's] time and [of the] expense that would otherwise result from redundant discovery, unnecessarily repetitive briefings and duplicative hearings featuring the same exhibits, witnesses, and evidence."[2]  These arguments apply with equal force to the present district court actions, which involve the same defendants and multiple overlapping patents—including several of the same patents at issue in the consolidated ITC cases.

The benefits of ensuring consistency and avoiding a waste of judicial resources strongly favor consolidation.  Having argued for full consolidation of Apple's cases in the ITC, HTC and Nokia cannot credibly contend that the cases pending before two judges in this District should not be consolidated for efficient case management and to eliminate duplicative activity and potential inconsistencies.  Apple therefore respectfully requests that the Court consolidate the HTC case with the Nokia case.

## II.    SUMMARY OF ARGUMENT

1.    "If actions before the court involve a common question of law or fact, the court may . . . join for hearing or trial any or all matters at issue in the actions." FED. R. CIV. P. 42(a).

---

[2]    Ex. 1, Nokia's Mot. for Full Consolidation of Invest. Nos. 337-TA-704 and 337-TA-710 (the "Nokia ITC Br.") at 8; Ex. 2, HTC Resp.'s Mot. for Full Consolidation of Invest. Nos. 337-TA-704 and 337-TA-710 (the "HTC ITC Br.") at 8.  Unless otherwise noted, all exhibits referred herein are attached to the Declaration of Richard K. Herrmann submitted with this motion.

This Court has broad authority to consolidate actions—or parts of actions—that involve common questions of fact or law if, in the Court's discretion, consolidation would facilitate the administration of justice.

2.      Consolidation of pretrial activities is warranted in this instance because the four pending cases include patent-infringement allegations brought by Apple against a common pair of defendants, based on an overlapping set of Apple patents and similar sets of accused products (smart phones). The requested consolidation would facilitate the administration of justice by: avoiding the need for redundant pretrial activities, thus reducing the time and resources that the Court and parties must invest in these proceedings; serving the convenience of the many witnesses who will be relevant to the related cases, including potential third parties such as inventors; and eliminating the possibility that separate judges will render inconsistent rulings based on the same issues of fact and law.

3.      Given the preliminary posture of all four cases, the parties will not suffer any prejudice from consolidation.  Nokia and HTC themselves recently sought and obtained a similar consolidation in a set of related ITC proceedings involving many of the same patents and claims, thus indicating that the result Apple proposes would not pose any genuine prejudice to them.

## III.    STATEMENT OF FACTS

Four actions are now pending in the District of Delaware in which Apple has asserted patent-infringement claims against Nokia and/or HTC.  The first two cases filed are presently pending before Judge Sleet, and the second two have been assigned to Judge Kelly.

**The 791 Case.**  On October 22, 2009, Nokia filed an infringement action in this Court against Apple (the "791 Case").  On February 19, 2010, Apple filed its amended answer to Nokia's complaint, asserting counterclaims against Nokia for infringement of nine Apple patents.  (*See* 791 Case D.I. 21.)

**The 1002 Case.**  On December 29, 2009, Nokia filed a second infringement suit in this Court against Apple (the "1002 Case").  On January 15, 2010, Apple filed a complaint against Nokia at the ITC, asserting infringement of nine Apple patents.  The ITC subsequently opened an investigation (the "704 Investigation").  On February 24, Apple filed its answer and counterclaims in the 1002 Case, and asserted the nine patents from the 704 Investigation against Nokia.  (*See* 1002 Case D.I. 12.)  On March 3, 2010, this Court stayed the 1002 Case pending the outcome of two ITC proceedings, including the 704 Investigation.  (*See* D.I. 13.)

**The 166 and 167 Cases.**  On March 2, 2010, Apple filed two complaints in this District for patent infringement against HTC, asserting a total of twenty Apple patents (the "166" and "167 Cases").  Apple filed a corresponding complaint at the ITC asserting infringement of the patents at issue in the 166 Case, and the ITC opened an investigation (the "710 Investigation").  On April 26, this Court stayed the 166 Case pending the outcome of the 710 Investigation.  (*See* 166 Case D.I. 17.)

There are numerous commonalities of fact and law among the claims that Apple has brought against Nokia and/or HTC in the 791, 1002, 166, and 167 Cases that are now pending.  Significantly, of the 27 total Apple patents being asserted, Apple has asserted *eleven* against both Nokia and HTC.[3]  Only seven patents are asserted solely against Nokia, and only nine are asserted solely against HTC.  Even the individually-asserted patents bear numerous relations to the commonly-asserted ones, as thirteen inventors named on the individually-asserted patents are also named on one or more of their commonly-asserted counterparts.  Moreover, many of the individually-asserted patents are directed to related technologies, including object-oriented programming and software architecture, user interfaces and touch screens, networking, and

---

[3]      See Ex. 3 for a list of the specific patents asserted in the 791, 1002, 166, and 167 Cases.

computer start-up procedures.

Given the overlapping parties and patents and the similar technologies at issue in these four cases, counsel for Apple sent a letter to this Court on March 24, 2010, explaining the common facts among the litigations and requesting that they be identified as related cases.  (*See* Ex. 4.)  Apple respectfully submits the present motion as a formal reiteration of that request.

## IV.   ARGUMENT

In the interest of judicial economy, Apple respectfully requests that the 791, 1002, 166, and 167 Cases be consolidated so that pre-trial matters such as discovery and claim construction can be coordinated by a single judge.  Given the numerous overlapping factual and legal issues underlying Apple's claims against Nokia and HTC—including eleven commonly-asserted patents, many substantially similar claim terms, related sets of patented and accused technologies, and consolidated ITC proceedings on overlapping patents—these matters would best be coordinated by a single chambers, at least through the pre-trial stage.[4]

### A.   The Legal Standard for Consolidation

Federal Rule of Civil Procedure 42(a) provides: "If actions before the court involve a common question of law or fact, the court may . . . join for hearing or trial any or all matters at issue in the actions."  FED. R. CIV. P. 42(a).  "Rule 42(a) gives a district court broad powers to consolidate actions involving common questions of law or fact if, in its discretion, such consolidation would facilitate the administration of justice."  *Alexander v. Minner*, No. 07-041-JJF, 2009 WL 1176456, at *6 (D. Del. May 1, 2009) (citing *In re Lucent Techs. Inc. Securities Litig.,* 221 F. Supp. 2d 472, 480 (D.N.J. 2001)); *see also Tracinda Corp. v. DaimlerChrysler AG*,

---

[4]      Consistent with common practice, Apple requests that the consolidation occur before the judge assigned to the first-filed of the related cases, Judge Sleet.  *See, e.g.*, *Kohus v. Toys "R" Us, Inc.*, Nos. C-1-05-517, C-1-05-671, 2006 WL 1476209, at *2 (S.D. Ohio May 25, 2006) (noting that it is common practice to consolidate cases "into the first-filed case").

No. CIV. A. 00-984-JJF, et al, 2001 WL 849736, at *1 (D. Del. July 26, 2001) (granting

consolidation for pretrial and discovery purposes).  Consolidation may be ordered on one party's

motion or on the Court's own initiative.  *See Ellerman Lines, Ltd. v. Atlantic & Gulf Stevedores,*

*Inc.*, 339 F.2d 673, 675 (3d Cir. 1964).  The consolidation of related patent cases to coordinate

pretrial proceedings and thus avoid duplicative pretrial activities or contradictory rulings is

routine.  *See, e.g.*, *Rohm & Haas Co. v. Mobil Oil Corp.*, 525 F. Supp. 1298, 1309-10 (D. Del.

1981) (consolidating actions involving six patents).[5]

> **B.     Nokia and HTC Successfully Moved to Consolidate the Parallel 704 and 710 Investigations at the ITC.**

After the ITC opened the 710 Investigation (which involves claims parallel to those in the

166 Case) on March 31, 2010, Nokia and HTC moved for consolidation of all issues relating to

the overlapping Apple patents asserted against them in the 704 and 710 Investigations.  Nokia

and HTC argued that there was "extensive overlap of legal, factual and procedural issues among

the two investigations, including substantial overlap among the parties, technology, asserted

patents and claims, claim construction arguments, validity arguments, witnesses, third parties,

evidence [and] defenses."  (Ex. 1, Nokia ITC Br. at 1; Ex. 2, HTC ITC Br. at 1.)  They contended

that consolidation "would simplify and reduce duplicative discovery and proceedings, make

more efficient use of the Commission's resources, and prevent [inconsistent rulings]."  (*Id*. at 2.)

Indeed, HTC and Nokia argued that consolidation of the investigations was the *only* way to avoid

---

[5]      *See also Kohus*, 2006 WL 1476209, at *1 ("[C]onsolidating the cases for discovery and a *Markman* hearing would prevent two trials from going forward on the basis of inconsistent adjudications of the meaning of the exact same claims."); *SmithKline Beecham Corp. v. Geneva Pharmaceuticals, Inc.*, No. 99-CV-2926, et al, 2001 WL 1249694, at *5–6 (E.D. Pa. Sept. 26, 2001) (noting that issues of validity and the ability to "separate duplicative discovery" warranted consolidation for pretrial purposes); *Magnavox Co. v. APF Electronics, Inc.*, 496 F. Supp. 29, 32 (N.D. Ill. 1980) (noting that Rule 42(a) "contemplates consolidation for purposes of particular segments of the litigation, such as pretrial proceedings" and that issues of validity and, to some extent, infringement warranted consolidation of pretrial proceedings).

such problems.  (*See id*. at 1.)

On April 26, 2010, the ITC ordered partial consolidation of the 704 and 710 Investigations, and reassigned the commonly-asserted patents and all issues relating to them to a single investigation and ALJ.  However, despite Nokia and HTC's previous positions, as of the time of filing Nokia failed to respond to Apple's inquiry and HTC confirmed that it will oppose consolidating the present cases—even though many of the same patents that overlap at the ITC also overlap in these cases and many of the same issues that formed the basis for consolidation in the ITC are present here.

> **C.      Consolidating the Four Pending Cases Will Conserve Resources, Promote Judicial Economy, and Protect Against the Possibility of Inconsistent Rulings.**

As described above, the 791, 1002, 166, and 167 Cases involve numerous common issues of law and fact that militate in favor of consolidation.  All four cases involve patent infringement allegations brought by Apple, and nearly half of the Apple patents asserted are directed at both defendants, Nokia and HTC.  Further, as Nokia and HTC recently argued at the ITC, even those patents that are only asserted against one of them still involve the same technology.[6]  Given the overlapping patents and technologies among the four cases, issues regarding claim construction, expert and fact discovery, witnesses (including third parties, inventors, and experts), validity and enforceability, and damages will all be related.  Indeed, Nokia and HTC recently argued in the parallel ITC proceedings, "***the only unique legal issue*** raised in the two investigations may be

---

[6]      *See* Ex. 1, Nokia ITC Br. at 5 ("[E]ven [the] patents that do not overlap share the same technology and the same types of accused products."); *see also* Ex. 2, HTC ITC Br. at 5-6 (noting that the '867 and '983 patents and the '852 and '486 patents "both derive from largely identical specifications filed on the same day," the '337, '354, and '750 patents all relate to "software event handling," the '721 and '705 patents relate to "interprocess communication," the '599 and '431 patents involve "object-oriented technology" and "[t]he remaining four patents also implicate the accused handsets' operating systems and related software").

the respondents' technical implementation of the [accused] operating software." (Ex. 1, Nokia ITC Br. at 8 (emphasis added); Ex. 2, HTC ITC Br. at 8 (same).)

The existence of this overwhelming number of common issues plainly indicates that consolidating these cases would facilitate their orderly and efficient resolution. Judicial economy will be served because there will be no need for duplicative hearings, depositions, or document production. Moreover, given the related nature of the asserted patents and accused devices, similar discovery issues are likely to arise, which it would be most efficient for a single judge to address. Indeed, given the nature of the claims, there is no reason for Nokia and HTC not to coordinate their efforts—as they themselves previously noted to the ITC.[7] As HTC and Nokia both argued, consolidation "will eliminate the waste of the parties' and [the tribunal's] time and [of the] expense that would otherwise result from redundant discovery, unnecessarily repetitive briefings and duplicative hearings featuring the same exhibits, witnesses, and evidence." (Ex. 1, Nokia ITC Br. at 8; Ex. 2, HTC ITC Br. at 8.) These arguments apply equally in this Court. *Cf. Ford v. Christiana Care Health Systems*, Civil Action No. 06-301-MPT, 2008 WL 1985229, at *1 (D. Del. May 5, 2008) ("The purpose of [Rule 42] is to promote judicial economy and convenience and to avoid unnecessary costs or delay.").

In addition, consolidation will eliminate the risk of inconsistent pretrial rulings, which is an especially important consideration in patent cases, given the key role of the court's claim construction rulings in shaping the course of the litigation. To avoid the possibility of

---

[7]     *See* Ex. 1, Nokia ITC ITC Br. at 6-7; Ex. 2, HTC Br. at 6 ("There is certain to be substantial overlap . . . in the depositions of experts and fact witnesses—particularly of third parties who are expected to possess prior art critical to both respondents' defenses. . . . [C]onsolidation will reduce these redundancies and will also relieve experts, inventors, and other deponents . . . from the burden of multiple depositions and multiple appearances during separate proceedings.").

contradictory outcomes based on the same facts, it would be expedient to have a single judge rule on common issues relating to claim construction, summary judgment of validity and/or enforceability, as well as discovery issues concerning the patents.  Indeed, this Circuit recognizes that preventing conflicting rulings in cases involving similar issues of fact and law is a key purpose of consolidation.  *See In re TMI Litig.*, 193 F.3d 613, 724 (3d Cir. 1999) ("The purpose of consolidation is to streamline and economize pretrial proceedings so as to avoid duplication of effort, and to prevent conflicting outcomes in cases involving similar legal and factual issues.") (internal quotes omitted).  HTC and Nokia themselves stressed the need to avoid inconsistent rulings when they sought a similar consolidation of Apple's claims at the ITC.[8]   Under the circumstances, this consideration strongly favors Apple's motion.

### D.     Consolidation Will Not Prejudice Nokia or HTC.

Nokia and HTC will not suffer any prejudice if Apple's motion is granted.  All four cases are still in their early stages.  The 1002 and 166 Cases are both stayed, pending the outcomes of the parallel ITC investigations, and discovery has only recently commenced in the 791 Case. The defendants have not answered Apple's complaints in the 166 and 167 Cases, and HTC's motion to transfer those cases to the Northern District of California remains pending.[9]   Thus, the

---

[8]     *See* Ex. 1, Nokia ITC Br. at 7 ("Having separate ALJs assess the same patents presents substantial risk of inconsistent initial determinations being presented to the Commission for review."); Ex. 2, HTC Br. at 7 (noting that "legal arguments as to claim construction are likely to be similar in both Investigations").

[9]     HTC's argument that the 166 and 167 Cases should be transferred lacks any merit, in part because a transfer would prevent these four cases from being heard before a single judge.  *See* FED. R. CIV. P. 42 (only permitting consolidation of "actions before the court"); *Swindell-Dressler Corp. v. Dumbaule*, 308 F.2d 267, 273 (3d Cir. 1962) ("a cause of action pending in one jurisdiction cannot be consolidated with a cause of action pending in another jurisdiction"). As a result, HTC's motion seeks to ***prevent***—rather than promote—all of the economies and conveniences that would be achieved via consolidation.  *See, e.g.*, *In re Volkswagen of Am., Inc.*, 566 F.3d 1349, 1351 (Fed. Cir. 2009) (denying request to vacate district court's denial of motion

parties have yet to devote significant resources to these cases, and consolidation would not pose any possibility of prejudicial delay in any of the cases.[10]

Indeed, Nokia and HTC cannot credibly argue that they will face any prejudice from consolidating these cases, as they both vigorously—and successfully—argued for consolidation of the parallel cases at the ITC.  Nokia and HTC both made clear that prejudice was not an issue when they asserted that even "partial consolidation . . . for the purposes of overlapping patents . . . is still preferable to the status quo" (Ex. 5, Nokia Resp. to ITC Staff Mot. at 4) and that "[p]utting the identical patents in the Investigations . . . before the same ALJ from the start resolves the difficult issues inherent in having the Investigations proceed separately" (Ex. 6, HTC ITC Rep. Br. at 5).  It would be disingenuous for either of them to argue that Apple's request for consolidation of these related cases poses any prejudice to them now.

## V.     CONCLUSION

For the foregoing reasons, given the overwhelming commonality of issues of law and fact among these four patent cases and the significant economies and conveniences that would result from consolidating them, Apple respectfully requests that this Court grant its Motion to Consolidate the Captioned Cases for the Purpose of Coordinating Pretrial Proceedings.

---

to transfer, where related patent cases were pending in the same court, and noting that "the existence of multiple lawsuits involving the same issues is a paramount consideration.").

[10]     Although the 791 Case has begun to move forward, courts have granted motions for consolidation of cases that are much further apart in their progress than the non-stayed cases here.  *See e.g., Fields v. Provident Life & Acc. Ins. Co.*, No. CIV.A. 99-CV-4261, 2001 WL 818353 (E.D. Pa. Jul. 10, 2001), at *6 (ordering consolidation even though one action was ready for trial, while the other was still only in its preliminary stages, because "the discovery and trial preparation necessary for the [second case] will overlap significantly with the work already completed" and "[t]he efficiency achieved by consolidation will far outweigh any inconvenience that may result therefrom"); *Monzo v. American Airlines, Inc.*, 94 F.R.D. 672, 673 (D.C.N.Y. 1982) ("The fact that the cases are at different discovery stages is not fatal to the consolidation motion.").

Dated:  May 24, 2010                    */s/ Richard K. Herrmann*

Richard K. Herrmann (I.D. #405)
Mary B. Matterer (I.D. #2696)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, Delaware 19801
Telephone: (302) 888-6800
rherrmann@morrisjames.com

Robert G. Krupka, P.C.
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, California 90071
Telephone:  (213) 680-8400
Facsimile:   (213) 680-8500

Gregory S. Arovas, P.C.
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York  10022
Telephone:  (212) 446-4800
Facsimile:   (212) 446-4900

Bryan S. Hales, P.C.
Marcus E. Sernel, P.C.
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone:  (312) 862-2000
Facsimile:   (312) 862-2200

Kenneth H. Bridges
Michael T. Pieja
Brian C. Kwok
WONG, CABELLO, LUTSCH,
RUTHERFORD & BRUCCULERI LLP
540 Cowper Street, Suite 100
Palo Alto, CA 94301
Telephone:  (650) 681-4475
Facsimile:   (650) 403-4043

*Attorneys for Plaintiffs Apple Inc. and
NeXT Software, Inc. f/k/a
NeXT Computer, Inc.*