# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| APPLE INC., ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| vs. ) | CA No. 10-00167-RK |
| ) | |
| High Tech Computer Corp., a/k/a HTC Corp., ) | JURY TRIAL DEMANDED |
| HTC (B.V.I.) Corp., HTC America, Inc., ) | |
| Exedea, Inc., ) | |
| ) | |
| *Defendants*. ) | |
| ) | |

## APPLE INC.'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Plaintiff Apple Inc. ("Apple") respectfully submits the following opposition to Defendants' Motion To Dismiss Count VIII Of Complaint Pursuant To Rule 12(b)(6) By Defendants High Tech Computer Corp., a/k/a HTC Corp., HTC (B.V.I.) Corp., HTC America, Inc., and Exedea, Inc. (*See* D.I. 26.) For the reasons described below, Defendants' motion is moot and, therefore, should be denied.

On March 2, 2010, Apple filed a Complaint against Defendants alleging, *inter alia*, infringement of ten of Apple's patents, including United States Patent No. 7,383,453 ("the '453 Patent"). (*See* D.I. 1 at 3, 11-12.) On June 4, 2010, after obtaining two extensions of time to file an Answer (*see* D.I. 6, 18), Defendants moved under Fed. R. Civ. P. 12(b)(6) to dismiss Count VIII of Apple's Complaint. (*See* D.I. 26.) Count VIII of Apple's Complaint relates only to Defendants' infringement of the '453 Patent. (*See* D.I. 1 at 11-12.) Defendants have not yet answered or otherwise responded to the remaining Counts of Apple's Complaint.

In Defendants' opening brief accompanying their motion to dismiss, Defendants argued without support that the '453 Patent is invalid because the United States Patent & Trademark Office ("PTO") erred by printing a set of claims in the patent that were not the allowed claims. (*See* D.I. 27 at 2, 10-12 (relying on, for example, cases involving failure to pay the issue fee as purportedly supporting its position).) Defendants acknowledged that the PTO could correct the errors in the '453 Patent claims through a Certificate of Correction, but argued that that would not cure what Defendants perceived to be a defect in Count VIII of the Complaint. (*Id.* at 12-14.) In support of their motion to dismiss, Defendants also requested that the Court take judicial notice of various issues related to the '453 Patent file history available at the time of Defendants' motion.[1] (*See* D.I. 27 at 3, 10; D.I. 28.) On June 8, 2010, four days after Defendants filed their motion to dismiss, the PTO issued a Certificate of Correction, correcting the printing errors in the claims of the '453 Patent.

Although Apple could rightfully continue to assert the pre-certificate '453 Patent claims, which are valid until Defendants prove otherwise,[2] and add the corrected '453 Patent claims to this litigation,[3] Defendants would likely seek to delay these proceedings even more by

---

[1] Defendants do not cite a single authority that has ever taken judicial notice of a patent's file history as a predicate to – or even in the context of – deciding a pre-answer motion. (*See, e.g.*, D.I. 27 at 9-10 (citing cases).)

[2] *See Southwest Software, Inc. v. Harlequin Inc.*, 226 F.3d 1280, 1299 (Fed. Cir. 2000) (stating that if on remand the district court determines that the pre-certificate patent is not invalid, then the patentee would be entitled to a judgment of infringement and an award of damages); *Cordance Corp. v. Amazon.com, Inc.*, No. 06-491, 2009 WL 2252556, at *3 (D. Del. July 28, 2009) ("[f]or causes of action that arise before the correction becomes effective, the patent must be considered without benefit of the certificate of correction"); *Quintec Films, Corp. v. Pinnacle Films, Inc.*, No. 4:06-cv-78, 2009 WL 3065044, at *1 (E.D. Tenn. Sept. 18, 2009) (holding that plaintiffs are entitled to pursue pre-certificate patent claims).

[3] *Lamoureux v. AnazaoHealth Corp.*, 669 F. Supp. 2d 227, 236-37, 237 n.12 (D. Conn. 2009) (holding that it was proper to allow the patentee to assert patent claims subject to a certificate of correction that issued after the filing of the original complaint and noting the "substantial authority" for allowing such pleadings); *Quintec Films*, 2009 WL 3065044, at *1 (granting

challenging Apple's undisputed right to assert the '453 Patent.  Therefore, for purposes of this action alone and in order to expedite these proceedings, on June 21, 2010, Apple filed an Amended Complaint under Rule 15(a)(1) as a matter of course (*see* D.I. 38).  *See* Fed. R. Civ. P. 15(a)(1)(B) (a party may amend its pleading once as a matter of course if the pleading is one to which a responsive pleading is required and within 21 days after service of a motion to dismiss under Rule 12(b)).  In the Amended Complaint, Apple removed any allegation that Defendants have infringed or are infringing the pre-certificate '453 Patent.[4]  Thus, the pre-certificate '453 Patent is no longer at issue in this action and Defendants' motion is moot.  As a result, Apple will not further address the fundamental flaws in Defendants' arguments at this time.

For the foregoing reasons, Apple respectfully requests that the Court deny Defendants' motion to dismiss as moot.

---

motion for leave to amend to assert claims subject to certificates of correction that issued after the filing of the original complaint); *Cordance Corp.*, 2009 WL 2252556, at *3-4 (holding, in a case where the certificate of correction issued after Cordance filed suit, that Cordance's claim for damages included infringement of the corrected patent claims).

[4] Contemporaneously with the filing of this Amended Complaint, Apple has brought a new action in this court against Defendants asserting infringement of the '453 Patent as corrected by a Certificate of Correction issued by the PTO on June 8, 2010, as well as U.S. Patent Nos. 7,657,849, 6,282,646, and 7,380,116.

                                        Respectfully submitted,

Dated: June 21, 2010                */s/ Richard K. Herrmann*

                                        Richard K. Herrmann (I.D. #405)
Mary B. Matterer (I.D. #2696)
Amy A. Quinlan (I.D. #3201)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, Delaware 19801
Telephone: (302) 888-6800
Facsimile: (302) 571-1750
rherrmann@morrisjames.com

Robert G. Krupka, P.C.
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, California 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

Gregory S. Arovas, P.C.
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

Bryan S. Hales, P.C.
Marcus E. Sernel, P.C.
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

Kenneth H. Bridges
Michael T. Pieja
Brian C. Kwok
WONG, CABELLO, LUTSCH,
RUTHERFORD & BRUCCULERI LLP
540 Cowper Street, Suite 100
Palo Alto, CA 94301
Telephone: (650) 681-4475
Facsimile: (650) 403-4043

*Attorneys for Apple Inc.*