IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| APPLE INC.,<br><br>                 Plaintiff,<br><br>    v.<br><br>HIGH TECH COMPUTER CORP., a/k/a<br>HTC CORP., HTC (B.V.I.) CORP., HTC<br>AMERICA, INC., and EXEDEA, INC.,<br><br>                 Defendants. | C.A. No. 10-167-GMS<br>C.A. No. 10-544-GMS |
| APPLE INC.,<br><br>                 Plaintiff,<br><br>    v.<br><br>HTC CORP., HTC (B.V.I.) CORP.,<br>HTC AMERICA, INC., EXEDEA, INC., and<br>HTC AMERICA HOLDING, INC.,<br><br>                 Defendants. | C.A. No. 11-611-GMS |

**REPLY BRIEF IN SUPPORT OF HTC DEFENDANTS' MOTION TO STAY**

*Of Counsel:*

Robert A. Van Nest
Leo L. Lam
Ashok Ramani
Eugene M. Paige
Ajay S. Krishnan
William S. Hicks
John C. Bostic
**KEKER & VAN NEST LLP**
633 Battery Street
San Francisco, CA 94111
Telephone: (415) 391-5400

**YOUNG CONAWAY STARGATT & TAYLOR LLP**
John W. Shaw (#3362) *[jshaw@ycst.com]*
Karen L. Pascale (#2903) [*kpascale@ycst.com*]
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6600

*Attorneys for Defendants High Tech Computer*
*Corp a/k/a HTC Corp., HTC (B.V.I.) Corp.,*
*HTC America, Inc., Exedea, Inc., and HTC*
*America Holding, Inc.*

August 29, 2011

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ...................................................................................................1

II.  ARGUMENT .........................................................................................................2

   A.   Apple incorrectly seeks to limit this Court's broad, inherent discretion
        to manage its docket................................................................................2

   B.   Apple fails to rebut that substantive overlap between Apple's asserted
        patents will lead to shared witnesses, documentary evidence, and claim
        construction issues.. ................................................................................3

   C.   Prioritizing judicial efficiency over Apple's preference is not the same as
        prejudice...................................................................................................5

III. CONCLUSION.......................................................................................................7

## <u>TABLE OF AUTHORITIES</u>

<u>Page(s)</u>

### Federal Cases

*Apple Inc. v. Samsung Electronics Co., Ltd.*,
 11-cv-01846-LHK (N.D. Cal.) ................................................................2, 6

*Bechtel Corp. v. Local 215*,
 544 F.2d 1207 (3d. Cir. 1976) ...................................................................3

*Boston Scientific Corp. v. Cordis Corp.*,
 No. 10-315-SLR, 2011 WL 1398484 (D. Del. Apr. 13, 2011).....................2

*FormFactor, Inc. v. Micronics Japan Co., Ltd.*
 Case No. CV-06-07159 JSW, 2008 WL 361128 (N.D. Cal. Feb. 11, 2008)............3

*Landis v. North Am. Co.*
 299 U.S. 248 (1936).................................................................................3, 6

*LG Elecs., Inc. v. Eastman Kodak Co.*,
 No. 09-CV-0344 H(BLM), 2009 WL 1468703 (S.D. Cal. 2009)................3

*SanDisk Corp. v. Phison Elecs. Corp.*,
 538 F. Supp. 2d 1060 (W.D. Wisc. 2008) .................................................3, 6

### Federal Statutes

28 U.S.C. § 1659.................................................................................2, 3, 7

# I.    INTRODUCTION

Apple's preferred venue for litigating its patent disputes with HTC is the International Trade Commission.  In March 2010, it filed an ITC action against HTC and that same day filed the first case that is part of these multiple actions.  Apple prioritized its ITC action—over the past seventeen-plus months, the parties completed extensive discovery and conducted a five-week hearing, which resulted in an Initial Determination by the hearing officer on July 18, 2011. Over that same period, Apple did *nothing* to prosecute the two cases pending before this Court. Though HTC moved to transfer this case early on, it did not seek a stay.  Nonetheless, Apple took no steps to move this case along until *after* the ITC hearing concluded, when it reached out to counsel to schedule a Rule 26(f) conference.  That conference was over two months ago.  The parties *still* have not set a case schedule in this matter—Apple most recently sat on HTC's scheduling proposal for four weeks.  The reason for the delay is plain:  rather than move this case along, Apple instead prepared and filed *another ITC action*—which includes allegations of infringement of one of the patents that has been pending for over a year before this Court.[1]

It is telling that Apple plucked one of the patents pending in these cases and asserted it in its new ITC action, taking the patent off its bench (the district-court litigation) and inserting it into the game (the ITC).  That patent alone, which Apple previously argued to this Court was related intimately to others asserted here, generates strong substantive overlap between the ITC action and these cases.  But there is substantive overlap between at least three other patents pending in these actions and the ITC.  Apple does not deny these facts, but instead formulates from whole cloth a requirement that patents in district court and the ITC must share a common

---

[1]  The new ITC action, referred to in the HTC's Opening Brief as Docket Number 337-TA-2828, has now been assigned Investigation Number 337-TA-797.

specification in order justify a discretionary stay.  The cases do not go so far, else they would

constrain the Court's broad discretion to decide when to stay cases.

It is equally telling that the only prejudice that Apple can muster against a stay is the

delay in securing permanent injunctive relief should it prevail at trial.  Opp. at 12.[2]  That claim is

belied by Apple's slow prosecution of this case.  If Apple truly desired injunctive relief against

HTC, it would have moved for a preliminary injunction, as it has done as to at least one patent

that overlaps with this case in district-court litigation against Samsung.  *See Apple Inc. v.*

*Samsung Electronics Co., Ltd.*, 11-cv-01846-LHK (N.D. Cal.), Dkt. No. 86.

It is Apple's prerogative to prioritize its ITC litigation matters against HTC over those in

this Court.  It is not Apple's prerogative to demand that this Court and HTC's witnesses waste

their time litigating Apple's second-string patents.  The Court should grant HTC's motion.

## II.      ARGUMENT

As an initial matter, Apple does not contest HTC's motion for a mandatory stay of the

entire 611 case (*see* D.I. 17 in 10-611-GMS) and the claim asserting U.S. Patent No. 7,469,381

in the 167 case (Opp. at 1).  Because such a stay was timely requested and is required by 28

U.S.C. § 1659, the Court should grant this stay.

Given the mandatory stay of five of Apple's patent claims, a discretionary stay of the

remaining claims would promote efficiency and convenience for both parties as well as the

Court.  Apple's conclusory arguments to the contrary do not change this fact.

## A.      Apple incorrectly seeks to limit this Court's broad, inherent discretion to manage its docket.

Apple acknowledges that "[w]hether to grant a stay is within the sole discretion of the

court."  Opp. at 6 (citing *Boston Scientific Corp. v. Cordis Corp.*, No. 10-315-SLR, 2011 WL

1398484 (D. Del. Apr. 13, 2011)).  It is well-settled that a court has broad *inherent* discretion to administer its cases in the interest of efficiency, including whether to stay a case.  *See Bechtel Corp. v. Local 215*, 544 F.2d 1207, 1215 (3d. Cir. 1976) (citing *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936)).  Apple is wrong that 28 U.S.C. § 1659 implicitly limits that authority and that "stays pending the outcome of ITC proceedings should be limited to those claims actually at issue in the ITC."  Opp. at 6.  The exemplary cases cited in HTC's Opening Brief show just the opposite: both the *SanDisk* and *FormFactor* courts exercised their discretionary power to stay claims and cases involving patents *similar* to those at issue in a contemporaneous ITC proceeding.  *See* Opening Br. at 7-8.[3]

**B.      Apple fails to rebut that substantive overlap between Apple's asserted patents will lead to shared witnesses, documentary evidence, and claim construction issues.**

Apple is unable to deny that the '076, '849, and '949 patents it has asserted before this Court overlap with its ITC patents.  Instead, it ignores this overlap, reading into the case law a bar against discretionary stays for ITC proceedings unless the patents share prosecution histories or specifications.  But none of the cases Apple cites provides such a blanket rule.  Instead, courts considering the question wisely take a pragmatic view of the patents at issue, considering whether there will be witnesses, documentary evidence, claim construction questions, and other issues common to the patents asserted in the two venues.  *See LG Elecs., Inc. v. Eastman Kodak Co.*, No. 09-CV-0344 H(BLM), 2009 WL 1468703, at *3-4 (S.D. Cal. 2009) (evaluating technological overlap, common inventors, and other factors even though the patents were not in the same family); *SanDisk Corp. v. Phison Elecs. Corp.*, 538 F. Supp. 2d 1060, 1066-67 (W.D.

---

[2] "Apple's Opposition to HTC's Motion to Stay" (D.I. 71 in 10-167-GMS; D.I. 34 in 10-544-GMS).

[3] "Opening Brief in Support of HTC Defendants' Motion to Stay" (D.I. 68 in 10-167; D.I, 31 in 10-544; D.I. 12 in 11-611).

Wis. 2008) (discussing common claim terms, prior art, and accused products in addition to shared prosecution histories). While a common specification or prosecution history is *an* indicator of such commonality, it is not the *only* indicator. As discussed more fully in HTC's Opening Brief, the substantive commonality between Apple's ITC and district-court patents will lead to overlapping discovery and intersecting legal questions. It should go without saying that it would be more efficient to address common issues once rather than twice.

Apple does its best to play down the substantive overlap between the patents it asserts in the ITC and the district court. But its arguments take distinguishing factors out of context and ignore the practicalities of discovery and trial. For example, in an attempt to show a distinction between the ITC touchscreen patents and the non-ITC touchscreen patents, Apple points out differences between the ITC '129 Patent and the non-ITC '949, '076, and '849 Patents. Opp. at 9. But these non-ITC patents relate to the way graphical user interfaces respond to touch input, and are better compared to the ITC '381 Patent, whose scrolling behavior falls into that same category. Apple next argues that out of the three Apple district-court patents sharing inventors with ITC patents, only two inventors out of 25 overlap, but it fails to point out that a large number of these non-overlapping inventors are associated only with the '949 Patent, which names 25 inventors. While only two of these inventors are found on ITC patents, the '949 Patent shares a provisional application with the '381 Patent from the ITC. Thus, the factor that Apple contends is the most significant calls for the Court to stay the '949 Patent pending the ITC decision.

The practical results of the subject-matter overlap between this case and Apple's new ITC action are apparent. There will be a large amount of Apple documentary evidence and many Apple witnesses relevant to both ITC patents and district-court patents. Besides the overlapping inventors, there will undoubtedly be other Apple personnel with common knowledge about

Apple's products embodying the technology at issue and competition in the market for those products. Efficiency and economy dictates that these documents and witnesses need only be accessed once for this litigation.

Apple does not dispute that it will accuse the same HTC products of infringing its various patents before the ITC and this Court. Despite Apple's vague claim that there can be "cross-use" of discovery, Apple undoubtedly will seek to depose HTC witnesses in each action. Dealing with these witnesses efficiently should be of paramount concern, as many of them reside in Taiwan, dramatically increasing the cost of this discovery. Similarly, Apple's patent claims will require discovery of common categories of HTC documentary evidence, much of which is located in Taiwan. Thus, overlapping document custodians will be forced to respond to iterative requests as well. A stay will address this risk and minimize the cost of discovery for both parties. Should the parties not resolve their disputes once Apple's second ITC proceeding concludes, then the parties can evaluate what discovery can be used from the ITC and identify a narrow realm of additional discovery to pursue here.

To the extent the Apple patents relate to different functionalities of the common accused devices, this fact simply increases the potential for wasteful discovery. If the patents all involved precisely the same technology, the risk of duplicative discovery could be mitigated by allowing evidence and testimony from one case to be used in another. Despite Apple's optimism, cross use of discovery is not a viable solution in this case, where the evidence collected in connection with one patent may not be sufficient for another similar patent. These factors favor a stay regardless of whether the patents at issue share specifications and prosecution histories.

**C.      Prioritizing judicial efficiency over Apple's preference is not the same as prejudice.**

Apple's arguments that it would be unduly prejudiced by a stay in response to its new ITC action are unconvincing. Apple offers no basis for its assertion that monetary damages

cannot adequately compensate it for any alleged infringement. Opp. at 12. Its complaint that a stay would keep it from obtaining permanent injunctive relief for years rings hollow. Were Apple so concerned about injunctive relief, it would have sought a preliminary injunction, as it has done in litigation against Samsung—where Apple asserts three patents also at issue in these HTC cases. *See Apple Inc. v. Samsung Electronics Co., Ltd.*, 11-cv-01846-LHK (N.D. Cal.), Dkt. No. 86.

The decision whether to stay a case "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. 254-55. Contrary to Apple's claim, the *Landis* opinion does not provide that stays are "disfavored." The *Landis* court held that the party requesting a stay must show hardship or inequity in being required to go forward if there is a risk that the stay will "work damage to *someone else*." *Id.* at 255 (emphasis added). In context, this statement refers to situations where a stay adversely affects the interests of an entity that is not a party to the stayed case. Indeed, the *Landis* court immediately added, "Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Id.* Other courts have recognized this meaning. *See, e.g.*, *SanDisk Corp.*, 538 F. Supp. 2d at 1065-66. In any case, the Supreme Court explains that "[c]onsiderations such as these, however, are counsels of moderation rather than limitations upon power." *Landis*, 299 U.S. at 255.

In considering the benefits of a stay, the Court should not be worried about disrupting scheduling and discovery in the 167 and 544 cases. While Apple is quick to point out that these cases have been pending for some time, they are both at a very preliminary stage, such that a stay would not undo any of the parties' efforts so far. Indeed, the parties just held their initial Rule 26(f) conference for these two cases on June 20, and though both sides have served discovery requests since then, neither side has produced a single document.

Nor has Apple shown why a stay would risk evidence spoliation. It is curious that, after waiting fifteen months after filing to hold a Rule 26(f) conference, Apple now worries about spoliation. If anything, the risk here is relatively low. HTC is a large, organized company with standard operating procedures affecting the maintenance of documents. HTC issued document-hold notices to relevant employees as to materials that might be relevant to this case. The risk of lost evidence and memories is further reduced in light of the fact that, during the stay, HTC will still be litigating these issues against Apple, requiring document collection and testimony from common witnesses on similar or identical issues. While Apple claims that this risk is exacerbated by the involvement of third parties, the Opposition fails to identify a single third party or explain why evidence in that party's possession might be lost as a result of a brief stay.

### III.    CONCLUSION

Apple acknowledges that a stay as to five of the sixteen Apple patents at issue is mandatory under 28 U.S.C. § 1659. A discretionary stay of the remaining patents-in-suit simply makes sense. HTC respectfully requests that the Court stay all claims in the 167, 544, and 611 cases pending the final outcome of ITC Investigation No. 337-TA-797.

Dated: August 29, 2011

*Of Counsel:*

Robert A. Van Nest
Leo L. Lam
Ashok Ramani
Eugene M. Paige
Ajay S. Krishnan
William S. Hicks
John C. Bostic
**KEKER & VAN NEST LLP**
633 Battery Street
San Francisco, CA 94111
Telephone: (415) 391-5400

**YOUNG CONAWAY STARGATT & TAYLOR LLP**

*/s/ Karen L. Pascale*

John W. Shaw (#3362) *[jshaw@ycst.com]*
Karen L. Pascale (#2903) *[kpascale@ycst.com]*
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6600

*Attorneys for Defendants High Tech Computer Corp a/k/a HTC Corp., HTC (B.V.I.) Corp., HTC America, Inc., Exedea, Inc., and HTC America Holding, Inc.*

## CERTIFICATE OF SERVICE

I, Karen L. Pascale, Esquire, hereby certify that on August 29, 2011, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF (which will send notification that such filing is available for viewing and downloading to all registered counsel), and in addition caused true and correct copies of the foregoing document to be served upon the following counsel of record in the manner indicated::

**_By E-Mail:_**

Richard K. Herrmann [rherrmann@morrisjames.com]
Mary B. Matterer [mmatterer@morrisjames.com]
Amy A. Quinlan [aquinlan@morrisjames.com]
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801

Robert G. Krupka [bob.krupka@kirkland.com]
KIRKLAND & ELLIS LLP
333 Hope Street
Los Angeles, CA 90071

Gregory S. Arovas [greg.arovas@kirkland.com]
Steven Cherny [steven.cherny@@kirkland.com]
Robert A. Appleby [robert.appleby@kirkland.com]
James E. Marina [james.marina@kirkland.com]
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022

Kenneth H. Bridges [kbridges@WongCabello.com]
Michael T. Pieja [mpieja@WongCabello.com]
Brian C. Kwok [bkwok@WongCabello.com]
WONG, CABELLO, LUTSCH, RUTHERFORD & BRUCCULERI LLP
540 Cowper Street, Suite 100
Palo Alto, CA 94301

Apple-HTC-Delaware-Cases@kirkland.com
(Apple counsel has indicated that this group e-mail address includes all law firms representing Apple, including local counsel.)

YOUNG CONAWAY STARGATT & TAYLOR LLP

*/s/ Karen L. Pascale*

John W. Shaw (#3362) *[jshaw@ycst.com]*
Karen L. Pascale (#2903) *[kpascale@ycst.com]*
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6600

*Attorneys for Defendants High Tech Computer
Corp a/k/a HTC Corp., HTC (B.V.I.) Corp., HTC
America, Inc., Exedea, Inc., and HTC America
Holding, Inc.*