**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| APPLE INC., <br><br>         *Plaintiff*, <br><br>     vs. <br><br> HIGH TECH COMPUTER CORP., *aka* HTC CORP., HTC (B.V.I.) CORP., HTC AMERICA, INC., and EXEDEA, INC., <br><br>         *Defendants*. | C.A. No. 10-167 (GMS) |
| APPLE INC., <br><br>         *Plaintiff*, <br><br>     vs. <br><br> HIGH TECH COMPUTER CORP., *aka* HTC CORP., HTC (B.V.I.) CORP., HTC AMERICA, INC., and EXEDEA, INC., <br><br>         *Defendants*. | C.A. No. 10-544 (GMS) |

**AMENDED JOINT STATUS REPORT**

Counsel for Plaintiff Apple Inc. ("Apple") and Defendants High Tech Computer Corp., *aka* HTC Corp., HTC (B.V.I.) Corp., HTC America, Inc., and Exedea, Inc. (collectively, "HTC"), having conferred pursuant to Federal Rule of Civil Procedure 26(f), hereby submit this Amended Joint Status Report, which updates the previously filed Joint Status Report filed by counsel for Apple and HTC on October 3, 2011, in advance of the Rule 16.2b Scheduling Teleconference set for December 22, 2011 in Civil Action Number 10-544-GMS.

## I. JURISDICTION AND SERVICE

The parties agree that the Court has jurisdiction over the subject matter of and the parties to these actions. Apple asserts that venue is proper in this Court. In April and July 2010 respectively, HTC filed motions to transfer these actions to the Northern District of California, which the Court denied in January 2011. All parties have been served.

For reasons set forth in HTC's recently filed motion to stay (C.A. No. 10-167-GMS, D.I. 68), HTC has requested that these actions be stayed. Apple agrees that claims related to U.S. Patent No. 7,469,381, which is now pending in an action in The International Trade Commission, Inv. No. 337-TA-797, are subject to a mandatory stay under 28 U.S.C. § 1659. Apple, however, opposes the discretionary stay that HTC seeks on all other claims, as set forth in its opposition (C.A. No. 10-167-GMS, D.I. 71).

## II. SUBSTANCE OF THE ACTION

On March 2, 2010, Apple filed Civil Action No. 10-167 (the "167 Case") against HTC for alleged infringement of ten Apple patents: 5,455,599; 5,848,105; 5,920,726; 6,424,354; 7,362,331; 7,383,453; 7,469,381; 7,479,949; 7,633,076; and 7,657,849. (C.A. No. 10-167, D.I. 1.) The accused HTC products include smart phones and other related devices, including at least products incorporating the Android Operating System.

On April 9, 2010, HTC filed a motion to transfer the 167 case to the Northern District of California, which the Court denied on January 14, 2011.

On May 24, 2010, Apple filed a motion for consolidation of the following cases: the 167 Case here; C.A. No. 10-166 (also pending between Apple and HTC but stayed in light of an overlapping ITC action); C.A. No. 09-791 (between Apple and Nokia Corp.); and C.A. No. 09-1002 (also between Apple and Nokia). The Court denied Apple's motion on December 6, 2010.

On June 4, 2010, HTC responded by filing a Motion to Dismiss Count VIII of the Complaint concerning the alleged infringement of the '453 patent. (C.A. No. 10-167, D.I. 27.) On June 21, 2010, Apple filed its Opposition to HTC's Motion to Dismiss Count VIII (C.A. No. 10-167, D.I. 39) and also filed a First Amended Complaint withdrawing the 7,383,453 and 7,657,849 patents from this case, without prejudice. (C.A. No. 10-167, D.I. 38.) On the same day, Apple filed suit against HTC in this District for alleged infringement of four patents, including the 7,383,453 and 7,657,849 patents. (C.A. No. 10-544, D.I. 1.) This second suit was assigned Civil Action No. 10-544 (the "544 Case") and is also pending before this Court. There are currently eight Apple patents in the 167 Case for which Apple is alleging infringement: 5,455,599; 5,848,105; 5,920,726; 6,424,354; 7,362,331; 7,469,381; 7,479,949; and 7,633,076. Another four Apple patents are pending in the 544 Case:  7,383,453; 7,657,849; 6,282,646; and 7,380,116. (C.A. No. 10-544, D.I. 1.)

On July 6, 2010, HTC filed an Answer and Counterclaims in the 167 Case denying infringement of the Apple patents asserted in the 167 Case and asserting counterclaims against Apple for alleged infringement of three HTC patents: 7,278,032; 5,377,354; and 6,188,578 (collectively, "the HTC patents"). (C.A. No. 10-167, D.I. 48.) The accused Apple products include the MacBook, MacBook Pro, iMac, Mac Mini, iPhone, iPhone 3G, and iPhone 3 GS.

On July 16, 2010, HTC filed a motion to transfer the 544 Case to the Northern District of California, which the Court denied on January 18, 2011.

On July 30, 2010, Apple filed a Reply to HTC's Counterclaims in the 167 Case, denying infringement of the HTC patents and asserting various affirmative defenses and declaratory judgment counterclaims. (C.A. No. 10-167, D.I. 51.)

On August 18, 2010, HTC filed an Answer and Counterclaims in the 544 Case denying infringement of the Apple patents asserted in the 544 Cases and asserting various affirmative defenses and declaratory judgment counterclaims. (C.A. No. 10-544, D.I. 18.)

On September 10, 2010, Apple filed a Reply to HTC's Counterclaims in the 544 Case. (C.A. No. 10-544, D.I. 20.)

On July 1, 2011, Apple and HTC served initial requests for the production of documents and things and interrogatories.

On July 29, 2011, Apple and HTC served Initial Disclosures pursuant to Fed. R. Civ. P. 26.

On August 2, 2011, HTC filed a Motion to Stay the 167 and 544 Cases Pending Resolution of ITC Docket No. 337-TA-2828. (C.A. No. 10-167, D.I. 67; C.A. No. 10-544, D.I. 30.)

On August 19, 2011, Apple filed its opposition to HTC's Motion to Stay the 167 and 544 Cases Pending Resolution of ITC Docket No. 337-TA-2828. (C.A. No. 10-167, D.I. 71; C.A. No. 10-544, D.I. 34.)

On August 29, 2011, HTC filed its Reply in support of HTC's Motion to Stay the 167 and 544 Cases Pending Resolution of ITC Docket No. 337-TA-2828. (C.A. No. 10-167, D.I. 72; C.A. No. 10-544, D.I. 35.)

On October 3, 2011, Apple and HTC filed a Joint Status Report in the 167 and 544 Cases. (C.A. No. 10-167, D.I 74; C.A. No. 10-544, D.I 37.)

On October 17, 2011, Apple and HTC served preliminary infringement contentions.

On December 6, 2011, HTC served its second set of interrogatories in the 167 and 544 Cases.

On December 9, 2011, Apple served its second set of requests for the production of documents and things and its second set of interrogatories to HTC in the 167 and 544 Cases.

### III. IDENTIFICATION OF ISSUES

The issues to be decided in this action include the following:

1. Whether any party infringes or has infringed any of the patents-in-suit;

2. Whether each of the patents-in-suit is valid and enforceable;

3. Whether any party is entitled to prevail on any affirmative defense;

4. Whether any party is entitled to a permanent injunction;

5. The amount of any party's damages for any infringement of any valid and enforceable claim;

6. Whether any party is entitled to enhanced damages pursuant to 35 U.S.C. §284; and

7. Whether any party is entitled to attorney's fees and costs pursuant to 35 U.S.C. § 285.

### IV. NARROWING OF ISSUES

The parties believe judicial efficiency would be promoted by consolidating the 167 and 544 Cases for all purposes.

### V. RELIEF

#### A. Apple's Request for Relief

Apple seeks the following relief:

1. Judgment in favor of Apple against HTC;

2. A declaration that HTC has infringed one or more claims of each of the

        Apple patents;

3. A permanent injunction prohibiting HTC, its subsidiaries, divisions, agents, servants, employees, and those in privity with HTC from infringing, contributing to the infringement of, and inducing infringement of the Apple patents, and for further proper injunctive relief;

4. Award to Apple damages for HTC's infringement with interest, as well as costs (including expert fees), disbursements, and reasonable attorney's fees incurred in this action, including 35 U.S.C. § 285;

5. Award treble damages to Apple pursuant to 35 U.S.C. § 284;

6. Dismissal of HTC's counterclaims in their entirety, with prejudice;

7. A declaration that Apple has not infringed and is not infringing any valid claims of the HTC patents; and

8. A declaration that one or more claims of each of the HTC patents is invalid, void, and/or unenforceable against Apple.

**B.    HTC's Request for Relief**

HTC seeks the following relief:

1. Judgment in favor of HTC against Apple;

2. Dismissal of Apple's claims in their entirety, with prejudice;

3. A declaration that HTC has not infringed and is not infringing any valid claims of the patents asserted by Apple;

4. A declaration that one or more claims of each of the patents asserted by Apple is invalid, void, and/or unenforceable against HTC;

5. A declaration that Apple has infringed one or more claims of each of the

        HTC patents;

6. A permanent injunction prohibiting Apple, its subsidiaries, divisions, agents, servants, employees, and those in privity with Apple from infringing, contributing to the infringement of, and inducing infringement of the HTC patents, and for further proper injunctive relief;

7. Award of damages to HTC for Apple's infringement with interest, as well as costs (including expert fees), disbursements, and reasonable attorney's fees incurred in this action, including 35 U.S.C. § 285; and

8. Award of treble damages to HTC pursuant to 35 U.S.C. § 284.

## VI.    AMENDMENT OF PLEADINGS

Unless the Court orders otherwise, all motions to amend the pleadings shall be filed by January 13, 2012.

## VII.   JOINDER OF PARTIES

The parties are not aware of any additional parties that need to or should be joined in this action at this time, but reserve the right to join additional parties by stipulation or by leave of the Court should the need arise.

## VIII.  DISCOVERY

### A.    Apple's Statement Regarding Discovery

For the reasons set forth in its Opposition to HTC's motion to stay (C.A. No. 10-167-GMS, D.I. 71), Apple does not believe the 167 and 544 cases should be stayed, and requests that this Court hold a scheduling conference in both cases. Apple will require discovery concerning, among other things, the accused HTC products; the development, design, structure, and

operation of the accused HTC products; the sales, revenue, profits, and marketing associated with the accused HTC products; HTC's knowledge of the Apple patents and any analyses or opinions concerning the Apple patents; HTC license agreements concerning the accused HTC products and related technology and other factors affecting the measure and extent of damages; the bases for any HTC defenses to Apple's claims of infringement; the bases for any allegations that the claims of the Apple patents are invalid, void and/or unenforceable; the HTC patents; the conception, reduction to practice, and development of the subject matter of the HTC patents; the design, development, manufacture, commercialization, marketing, and sale of any embodiments of the HTC patents; licensing related to the HTC patents; prosecution of the applications for the HTC patents; prior art related to the HTC patents; the bases for HTC's claims of infringement; the relevant markets and competition and competitors within those markets; competition between the parties, including HTC's attempt to develop products competitive with the Apple iPhone; alternative technologies to those covered by the HTC patents; and comparisons and/or analysis of sales of mobile wireless devices.

      **B.**      **HTC's Statement Regarding Discovery**

In light of Apple's recent filing of a new ITC case, HTC believes that these cases should be stayed. (*See* D.I. 31). If the Court denies HTC's motion to stay or permits discovery to proceed while the motion is pending, HTC will seek discovery concerning, among other things, the patents asserted by Apple, including: the conception, reduction to practice, and development of the subject matter of the Apple patents; the design, development, manufacture, commercialization, marketing, and sale of any embodiments of the Apple patents; licensing related to the Apple patents; prosecution of the applications for the Apple patents; prior art related to the Apple patents; and the bases for Apple's claims of infringement.

HTC will also require discovery concerning HTC's patent claims and the relevant Apple products, including: the development, design, structure, and operation of the accused Apple products; the sales, revenue, profits, and marketing associated with the accused Apple products; Apple's knowledge of the HTC patents and any analyses or opinions concerning the HTC patents; Apple license agreements concerning the accused Apple products and related technology and other factors affecting the measure and extent of damages; the bases for any Apple defenses to HTC's claims of infringement; the bases for any allegations that the claims of the HTC patents are invalid, void and/or unenforceable; the relevant markets and competition and competitors within those markets; competition between the parties, including Apple's attempt to develop products competitive with the HTC's mobile wireless devices; alternative technologies to those covered by the Apple patents; and comparisons and/or analysis of sales of mobile wireless devices.

### C.  Documents and Electronically Stored Information

The parties reserve the ability to request that additional metadata fields be set forth or provided for certain specified electronic documents upon review of the other party's production. The parties reserve their respective rights to object to any such request.

Where a party has demonstrated the need to receive a specific document in native format, the parties agree to meet and confer to determine if the file can be produced in native format or in another, more useable, agreed upon format.

The parties will continue to meet and confer on the scope of discovery of documents and electronically stored information pursuant to Federal Rule of Civil Procedure 26(f) and may exchange proposals regarding such if they agree that any rule, other than those rules and dates specifically modified herein (*e.g.*, in the schedule below), from this District's "Default Standard

for Discovery" should be modified. The parties agree to follow the unmodified default rules until any further modification is ordered.

### D. Discovery Limitations

The parties agree that the following limits on discovery shall apply to the 167 Case and 544 Case collectively.

**Depositions:**

The parties do not agree on the total on-the-record fact deposition time that will be required in the 167 and 544 cases. Apple requests (1) that each side be limited to 275 hours of total on-the-record time to conduct depositions of fact witnesses inclusive of all Rule 30(b)(1) depositions of the other side's employees, third party depositions and Rule 30(b)(6) depositions, and (2) that for purposes of calculation, in cases where a witness testifies primarily in a language other than English, every 2 hours of on-the-record time will only count as 1 hour of on-the-record time. HTC requests (1) that each side be limited to 140 hours of total on-the-record time to conduct depositions of fact witnesses inclusive of all Rule 30(b)(1) depositions of the other side's employees and third party depositions, and an additional 35 hours for Rule 30(b)(6) depositions, and (2) that for purposes of calculation, in cases where a witness testifies primarily in a language other than English, every 1.5 hours of on-the-record time will only count as 1 hour of on-the-record time.

Depositions of non-expert individuals (Rule 30(b)(1)) are presumptively limited to 7 hours per witness.

Promptly after the parties serve their expert reports, the parties will confer in good faith in an effort to reach an agreement regarding limits on expert deposition time.

The parties each reserve their right to seek relief from the court to limit the length of any particular deposition or take depositions in excess of the presumptive limits described above.

**Interrogatories:**

The parties agree that each side may propound, in total, no more than fifty (50) interrogatories to the other side (including subparts). A single interrogatory may address more than one patent and more than one product.

**Requests for Admission:**

There shall be no limit on the number of requests for admission (including subparts) that may be served by either side.

**Document Requests:**

There shall be no limit on the number of document requests that may be served by either side.

E. Schedule

Though HTC believes these cases should be stayed, it discussed scheduling with Apple prior to the institution of the new ITC action, and has agreed upon certain dates in the event that these cases are not stayed. The parties propose the following schedule:

| *Event* | *Proposed Date* |
|---|---|
| Commence Fact Discovery | 7/1/2011 |
| Serve Rule 26(a) Initial Disclosures | 7/29/2011 |
| File Joint Rule 26(f) Report | 10/3/2011 |
| Disclose Asserted Claims and Infringement Contentions | 10/14/2011 |
| Deadline to Join Parties / Amend Pleadings | 1/13/2012 |
| Disclose Invalidity Contentions | 2/12/2012 |
| Exchange Proposed Terms for Claim Construction | 3/1/2012 |
| Exchange Proposed Constructions and Extrinsic Evidence (including Summary of Expert Opinions on Claim Construction) | 3/15/2012 |
| File Final Joint Claim Construction Statement | 4/5/2012 |
| Complete Discovery Regarding Claim Construction | 4/26/2012 |
| File Opening Claim Construction Briefs | 5/10/2012 |

| | |
|---|---|
| File Answering Claim Construction Briefs | 6/7/2012 |
| Markman Hearing (date set at discretion of the Court) | July 2012 |
| Disclosure of Reliance on Advice of Counsel, if any | Apple: 8/29/2012 |
| | HTC: 50 days after Markman ruling |
| Close of Discovery Regarding a Party's Election to Rely on the Advice of Counsel | Apple: 9/28/2012 (close of fact discovery) |
| | HTC: 30 days from disclosure of election to rely on the advice of counsel |
| Close of Fact Discovery | 9/28/2012 |
| Serve Opening Expert Reports (burden of proof) | 10/19/2012 |
| Serve Rebuttal Expert Reports | 11/16/2012 |
| Close of Expert Discovery | 12/20/2012 |
| Submit Letter Briefs Seeking Permission to File Summary Judgment Motions | 1/10/2013 |
| Submit Answering Letter Briefs Regarding Summary Judgment Motions | 1/24/2013 |
| Submit Reply Letter Briefs Regarding Summary Judgment Motions | 1/31/2013 |
| Status Conference Regarding Permissibility of Summary Judgment Motions (date set at discretion of the Court) | 2/7/2013 |
| File Opening Summary Judgment Motions (if permitted; timeline for Opposition and Reply follow Federal Rules of Civil Procedure and Local Rules) | 2/21/2013 |
| File Final Joint Pretrial Order | 4/25/2013 |
| Pretrial Conference (date set at discretion of the Court) | 5/9/2013 |
| Ready for Trial (date set at discretion of the Court) | May 2013 |

## IX.   ESTIMATED TRIAL LENGTH

Depending on the scope and number of issues remaining in this case, the parties estimate that it will take approximately three to four weeks to try this case.

**X.     JURY TRIAL**

Both parties have requested a jury trial on all issues that are so triable to a jury.

**XI.    SETTLEMENT**

The parties have had formal settlement discussions before and after the filing of the lawsuit, but have not reached a resolution.

**XII.   OTHER MATTERS**

   **A.     Claim Construction Briefing**

Given that there are fourteen patents-in-suit collectively in the 167 Case and the 544 Case, the parties request that they be permitted fifty (50) pages for their opening and answering claim construction briefs.

   **B.     Protective Order**

Because confidential information will have to be exchanged in this action, the parties agree that a protective order will be necessary and will attempt to agree on the form of such an order.  Apple provided a draft protective order to Defendants on December 2, 2011, and awaits comments from Defendants.

   **C.     Email Service**

Copies of all documents filed with the Court or otherwise served under the Federal Rules of Civil Procedure shall be served on the parties by email as soon as possible after service or filing.  Such copies shall be delivered in one or more .pdf files attached to an email (or emails) addressed to each designated email address set forth below.  Copies of discovery requests and responses will be provided in a searchable .pdf format, and shall be accompanied by an identical version in .doc format.  When a document is too large to email the party shall provide by email a

13

list of any oversized documents and shall make such oversized documents available for password-protected download (*e.g.*, by use of an FTP site). The parties may also transmit other correspondence by email addressed to each of the designated email addresses below without delivering a hard copy.

The parties designate the following email addresses to receive service of documents:

| *Party* | *Service by Email* |
|---------|---------------------|
| Apple   | Apple-HTC-Delaware-Cases@kirkland.com |
| HTC     | HTC-Delaware@kvn.com |

The parties further agree that, for purposes of calculating the time to file an opposition or reply to a motion or the time to serve a response to a discovery request, the three day extension described in Federal Rule of Civil Procedure 6(d) applies. However, in situations where the timing for such a response is explicitly articulated in the Court's scheduling order, the scheduling order takes precedence.

## XIII.   CONFIRMATION OF RULE 26(F) CONFERENCE

Counsel for the parties have conferred about each of the above matters.

Dated:  December 15, 2011

MORRIS JAMES LLP                              SHAW KELLER LLP

*/s/ Richard K. Herrmann*                     */s/ John W. Shaw*
Richard K. Herrmann (# 405)                   John W. Shaw (# 3362)
Mary B. Matterer (# 2696)                     Karen E. Keller (#4489)
500 Delaware Avenue, Suite 1500               800 Delaware Avenue
Wilmington, Delaware 19801                    Third Floor
Telephone:  (302) 888-6800                    Wilmington, DE 19801
                                              Telephone:   (302) 476-2050
                                              jshaw@shawkeller.com

*Of Counsel:*

Robert G. Krupka, P.C.
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, California 90071
Telephone: (213) 680-8400

Gregory S. Arovas, P.C.
Steven Cherny
Robert A. Appleby
James E. Marina
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800

Kenneth H. Bridges
Michael T. Pieja
Brian C. Kwok
BRIDGES & MAVRAKAKIS LLP
540 Cowper Street, Suite 100
Palo Alto, California 94301
Telephone: (650) 681-4475

Mark Fowler
DLA PIPER LLP (US)
2000 University Avenue
East Palo Alto, California 94303-2248
Telephone: (650) 833-2000

Elizabeth Day
David Alberti
Clayton Thompson
Yakov Zolotorev
FEINBERG DAY ALBERTI &
THOMPSON LLP
401 Florence Street, Suite 200
Palo Alto, California 94301
Telephone: (650) 618-4360

*Attorneys for Apple Inc.*

*Of Counsel:*

Robert A. Van Nest
Leo L. Lam
Ashok Ramani
Eugene M. Paige
Ajay S. Krishnan
John C. Bostic
KEKER & VAN NEST LLP
710 Sansome Street
San Francisco, CA 94111
Telephone: (415) 391-5400

Jonathan M. James
Ryan J. McBrayer
Christina J. McCullough
PERKINS COIE LLP
1201 Third Avenue
Suite 4800
Seattle, Washington 98101-3099

*Attorneys for High Tech Computer Corp., a/k/a HTC Corp., HTC (B.V.I.) Corp., HTC America, Inc., and Exedea, Inc.*

15